UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-165 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Ronnie Bila Shaka, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko dated December 9, 2024. (Docket No. 60.) The R&R recommends denying Defendant Ronnie Bila Shaka's Motions to Suppress and Motions for a Hearing. Defendant filed timely objections to the R&R (Docket No. 63) and the Government responded to those objections. (Docket No. 64.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

Shaka is charged with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and unlawfully possessing machineguns, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The full factual background is set forth in the thorough R&R and will not be repeated. Facts necessary to an understanding of the legal discussion will be incorporated below.

**DISCUSSION**

The Court will discuss Shaka Motions challenging the R&R's various findings in turn.

**A.     General Objection**

As an initial matter, Shaka contends that the R&R failed to give sufficient weight to certain facts. But the Magistrate Judge exhaustively detailed the facts and concluded that, given the totality of the circumstances, the officers' actions were permissible. This objection is overruled.

**B.     Motions to Suppress**

First, Shaka contends that the R&R erred in finding that exigent circumstances justified the officers' warrantless entrance of the residence and subsequent searches. Although Shaka disagrees with the Magistrate Judge's characterization of events, he falls far short of establishing any legal or factual error. Shaka contends that any exigent circumstances had dissipated because the screams that officers heard had "calmed down" and C.B., the woman on whom officers were conducting a welfare check, had indicated that she was fine. (Def.'s Objs. (Docket No. 63) at 6–7.) But Shaka's characterization of events overlooks that it was reasonable for officers to believe, based on their observations at the residence, information from 911 calls, and information about the history between C.B. and Shaka, that a domestic-violence incident was still ongoing when they entered the house. (See R&R at 13–14.) The Magistrate Judge properly concluded that the totality of the circumstances weighed in favor of officers entering the house before securing a warrant. (Id. at 14.) Shaka's objections regarding exigent circumstances lack merit.

Second, Shaka argues that any exigency dissipated as soon as officers discovered that C.B. had not been shot. He thus contends that the R&R improperly concluded that officers were permitted to linger at the home with C.B. His argument is absurd. Indeed, as detailed in the R&R, in less than four minutes after officers removed Shaka from the house, they found C.B. hiding with her baby in the laundry room and discovered numerous facts corroborating her ongoing fear that Shaka would harm her and that supported a finding that probable cause for a warrant existed. (See id. at 15–16; Govt.'s Resp. to Objs. (Docket No. 64) at 8.) As the Magistrate Judge found, officers were entitled to remain at the residence, as discussed more fully below.[1] Shaka's objections to the officers' continued presence at the residence are baseless given the facts.

Third, Shaka contends that the R&R erred in finding that officers had a reasonable basis to conduct protective sweeps after removing Shaka from the house. Shaka misapprehends basic Fourth Amendment law in arguing that law enforcement violated his constitutional rights by conducting a protective sweep of the basement. The officers acted reasonably in conducting a protective sweep of the basement given their understanding that there was an ongoing domestic incident involving a gun. (R&R 15–17.) Shaka takes particular issue with the fact that officers removed a tarp covering safes that contained guns. As the R&R explained, "it was reasonable for officers to suspect that, even though

---

[1] Shaka argues that C.B.'s statements to police were legally involuntary, and therefore should be suppressed because they violated his Fourth Amendment rights. But Shaka waived this argument by not raising it before the Magistrate Judge. Even if he had raised the argument, however, Shaka presents no evidence suggesting that officers coerced C.B.'s statements or actions, and the Magistrate Judge did not find that any coercion occurred.

3

they had located both Mr. Shaka and C.B., it could be that there were other people still present and also hiding in the same general area," and that "the tarp covered an area that was big enough to hide a person, and was strewn over the area in a haphazard way that might suggest a last-minute attempt to hide something (or someone)."  (Id. at 16–17.)  Shaka's objections to the protective sweep of the basement are overruled.

Shaka also contends that the officers' search of the upstairs of the home was improper and not done in good faith, but he does not point to any information discovered upstairs that was used in the search warrant application or any evidence that was retrieved from upstairs.  He, therefore, alleges no harm from the upstairs search.  Shaka further fails to explain how any information yielded during the sweep is separate from that obtained during the subsequent search for which a warrant was secured.  This objection is overruled.

Fourth, Shaka argues that the R&R erred in finding that officers could remain at the house and secure the scene while awaiting a search warrant, but he fails to cite to any authority to the contrary.  The R&R correctly concluded that it was reasonable for officers to secure the scene.  (Id. at 17–18.)

Fifth, Shaka contends that the R&R erred in finding that the fruits of his arrest, including his DNA and jail-call recordings, should be suppressed.  But Shaka fails to reference the R&R in making this argument, and therefore fails to point to any potential error.  At any rate, the Magistrate Judge properly determined that Shaka's arrest was lawful and supported by probable cause.  Although Shaka disagrees with the R&R's assessment that, in any event, good faith supported the warrant applications, he fails to provide a reason for the Court to disagree with the Magistrate Judge's findings.  This objection lacks merit.

Sixth, Shaka argues that the subsequent seizure and search of his cellphone from C.B. was impermissible.[2] Shaka again misconstrues Fourth Amendment law—C.B. could not violate his Fourth Amendment rights, as she is a private citizen. Shaka implies that she may have been coerced by the government to turn over Shaka's phone, but he presents no evidence to that end. This objection is baseless.

**C.     Motion for Franks Hearing**

Shaka also asks for a Franks hearing, essentially restating arguments raised before the Magistrate Judge and contending that the warrants were not supported by probable cause. Because Shaka's objection contains no authority to support his argument and he fails to point to any alleged error in the Magistrate Judge's reasoning, he offers the Court no basis to consider his objection. Even if he had done so, the objection would fail. Shaka contends that the warrant applications "falsely state that the cell phone ping placed CB in the residence." (Def.'s Objs. at 13.) But only one of the warrant applications says as much, and as the R&R determined, such a description "is of no consequence." (R&R at 28 n.11.) Regardless, as the R&R found, the officers reasonably relied on their experience and other information and concluded that C.B.'s cellphone was likely still within the residence. Shaka further argues that a Franks hearing is warranted because "CB was an unreliable witness (including that she lied about being shot, and that she was not at the residence)." (Def.'s Objs. at 13.) The Magistrate Judge correctly determined this argument was

---

[2] Shaka did not raise any argument about the length of time that the government possessed his phone before seeking a warrant until the post-hearing reply brief. As such, it will not be considered.

"unfounded." (R&R at 28.) Indeed, this objection lacks merit and Shaka's request for a Franks hearing is denied.

The findings in the R&R are not erroneous, and Shaka's objections are overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 60);

2. Shaka's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures (Docket No. 37) is **DENIED**;

3. Shaka's Motion to Suppress Evidence Obtained as Fruits of the Illegal Arrest (Docket No. 38) is **DENIED**;

4. Shaka's Motion to Suppress Evidence Obtained from his Cellphone (Docket No. 39) is **DENIED**; and

7. Shaka's Motions for Hearing Pursuant to Franks v. Delaware (Docket Nos. 40, 51) are **DENIED**.

Dated: February 4, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge