UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-165 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Ronnie Bila Shaka, | |
| Defendant. | |

_____

This matter is before the Court on Defendant Ronnie Bila Shaka's Motion to Dismiss Indictment and letter request that the Court hold a bench trial in this matter. (Docket Nos. 70, 71.) For the following reasons, the Motion and request are denied.

Shaka moves to dismiss the Indictment, arguing that the charges against him—being a felon in possession of a firearm and ammunition and unlawfully possessing machine guns—violate the Second Amendment to the United States Constitution and run afoul of the United States Supreme Court's decision in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). (Docket No. 70 at 1.) However, Shaka concedes that precedent forecloses his argument. (Id. at 1–2.) Indeed, the Eighth Circuit Court of Appeals determined that § 922(g)(1)'s prohibition on felons possessing firearms is constitutional "because the law is 'consistent with the Nation's historical tradition of firearm regulation.'" United States v. Jackson, 110 F.4th 1120, 1126 (8th Cir. 2024) (quoting Bruen, 597 U.S. at 24). Shaka's Motion to Dismiss the Indictment is thus denied.

In his letter request, Shaka waives his right to a jury and to present a defense, and requests that the Court hold a bench trial "only to preserve issues that do not relate to factual guilt (e.g., the previously briefed suppression and related issues)." (Docket No. 71 at 1.) He explains that by not contesting guilt, he hopes to receive a sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. (Id.) Shaka acknowledges that Federal Rule of Criminal Procedure Rule 23 requires the government's consent and the Court's agreement to waive a jury trial. (Id. at 2 (citing Fed. R. Crim. P. 23(a)(2)–(3).) The government opposes Shaka's request. (Docket No. 72.) Although there are limited circumstances that do not require the government's consent to waive the defendant's right to a jury trial, Shaka does not assert such an exception nor does the Court find that any such circumstances exist here. Therefore, Shaka's request is denied, and this matter will proceed to trial before a jury.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant's Motion to Dismiss Indictment (Docket No. 70) is **DENIED**; and

2. Defendant's letter request (Docket No. 71) is **DENIED**.

Dated: <u>March 12, 2025</u>                    *s/ Paul A. Magnuson*
                                                 Paul A. Magnuson
                                                 United States District Court Judge